UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21118-CIV-MORENO/MATTHEWMAN
95-00114-CR-MORENO

ANTONIO ROSELLO,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED BY KJZ D.C.
Oct 1, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOVANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 [DE 6]

**THIS CAUSE** is before the Court upon the Movant, Antonio Rosello's ("Movant") Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("Motion") [Cv-DE 6][1]. This case has been referred to the undersigned for appropriate disposition or report and recommendation. *See* DE Cv-DE 20. In the Motion, Movant claims that he is actually innocent of the 18 U.S.C. §§ 924(o) and 924(c) convictions in Counts 4 and 5 in light of *U.S. v. Davis*, 139 S. Ct. 2319 (2019). [Cv-DE 6]. The Government has filed its Response to the Motion [Cv-DE 10], and Movant has filed a Reply [Cv-DE 11].

The Court has reviewed the Motion, the Government's Response, Movant's Reply, the additional related filings, and all pertinent portions of the underlying criminal file and related civil

---

[1] Throughout this Report and Recommendation, docket entries labeled "Cv" will refer to 20-21118-CIV-Moreno/Matthewman, the case currently before the Court. Docket entries labeled "Cr" will refer to 95-00114-CR-Moreno, Movant's original federal criminal case.

files.

For the reasons explained below, this Court **RECOMMENDS** that the Motion be **DENIED**.

## I. BACKGROUND

On November 27, 1995, a grand jury returned a Second Superseding Indictment charging Movant with conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1952 (Counts 2, 6, 12, and 15); Hobbs Act robbery/aiding and abetting Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 3, 7, 13, and 16); conspiracy to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 4); using and carrying a firearm during and in relation to a crime of violence/aiding and abetting using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 5, 14, and 17); and money laundering/aiding and abetting that crime, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 (Counts 24 and 26) [Cr-DE 149]. On June 10, 1996, after a 21-day trial, a jury found Movant guilty on Counts 2, 3, 4, 5, 24, and 26, but acquitted him on Counts 1, 6, 7, 12, 13, 14, 15, 16, and 17. [Cr-DE 319]. The jury did not make a finding or otherwise specify the predicate offense(s) for the §§ 924(o) or 924(c) convictions.

On August 23, 1996, Movant was sentenced to a total of 45 years in prison, comprised of consecutive 20-year sentences on Counts 2 and 3, concurrent 20-year sentences on Counts 4, 24, and 26, and a mandatory consecutive sentence of five years on Count 5. [Cr-DE 411]. He appealed his convictions and sentence to the Eleventh Circuit Court of Appeal, but did not appeal the constitutionality of the residual clause in 18 U.S.C. §924(c) on direct appeal. The Eleventh Circuit

affirmed in an unpublished opinion, and the Supreme Court denied certiorari review on May 14, 2001. *See Rosello v. U.S.*, 532 U.S. 1030 (2001).

On May 17, 2002, the Court docketed Movant's *pro se* 28 U.S.C. § 2255 motion to vacate sentence raising the following grounds for relief: (1) ineffective assistance of counsel for numerous reasons, including counsel's failure to object at sentencing to the consecutive 20-year sentences imposed as to Counts 2 and 3; and (2) violations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000, for failing to plead and prove the enhancements beyond a reasonable doubt, and for failing to instruct the jury on the enhancements. [Case No. 02-Cv-21498, DEs 1, 3]. The Court denied the motion as well as a certificate of appealability. [Case No. 02-Cv-21498, DE 16]. The Eleventh Circuit denied a certificate of appealability and dismissed the appeal. [02-Cv-21498, DE 23; *U.S. v. Rosello*, 103 F. App'x 667 (11th Cir. 2004)].

Movant then filed a second *pro se* 28 U.S.C. § 2255 motion to vacate sentence in June 2016, raising a claim under the Supreme Court's decision in *Johnson v. U.S.*, 135 S. Ct. 2551 (2015). [Case No. 16-Cv-22831, DEs 1, 4]. He argued that *Johnson* applied to § 924(c)(3)(B)'s residual clause, and that, as a result, his §§ 924(o) and 924(c) convictions were unconstitutional. *Id.* The Court dismissed Movant's motion as an unauthorized second or successive motion. [Case No. 16-Cv-22831, DE 6]. Movant then sought leave from the Eleventh Circuit to file a second or successive § 2255 motion based upon *Johnson*, which the Eleventh Circuit denied. [Appeal Case No. 16-13529].

On March 12, 2020, the Eleventh Circuit granted Movant's second application for authorization to file a second or successive § 2255 motion. [Case No. 20-Cv-21118, DE 1.] In his application, Movant sought to challenge his §§ 924(o) and 924(c) convictions based on *U.S. v.*

3

*Davis*, 139 S. Ct. 2319 (2019), which declared unconstitutionally vague the residual clause definition of "crime of violence" in § 924(c)(3)(B). *Id.* at 3. In its Order, the Eleventh Circuit explained that Movant had made the requisite prima facie showing that his §§ 924(o) and 924(c) convictions in Counts 4 and 5 were unconstitutional, thereby satisfying the criteria in 28 U.S.C. § 2255(h)(2). *Id.* at 6.

Movant argues in his Motion that he is "actually innocent of the §§ 924(o) and 924(c) convictions in Counts 4 and 5 despite their multiple predicates, because one of those predicates—conspiracy to commit Hobbs Act robbery—is not a 'crime of violence' under § 924(c)(3)(A) or a drug trafficking crime, and that offense must be treated as the operative predicate offense." [Cv-DE 6 at 6]. He also asserts that his claim is timely and cognizable on collateral review. *Id.*

The Government argues in response that Movant "is barred from raising his §§ 924(c) and (o) claims in a § 2255 motion, because he procedurally defaulted those claims and cannot demonstrate cause, prejudice, or actual innocence to excuse his default." [Cv-DE 10 at 11]. The Government further asserts that the *Davis* decision "has no impact on the validity of his convictions because the facts elicited at trial show that movant's § 924(c) and (o) convictions were alternatively premised on a substantive Hobbs Act offense, which is not affected by *Davis*." *Id.* The Government specifically asserts that, "because this case involved the planned armed robbery of armored car messengers, the conspiracy Hobbs Act robbery and substantive Hobbs Act robbery offense were inextricably intertwined, and thus movant cannot meet his burden to show that the jury's § 924(c) and (o) verdicts of guilt were based solely on the Hobbs Act conspiracy, which he is required to do to be entitled to relief." *Id.* at 12.

In reply, Movant contends that he has shown, and that the Government has not rebutted,

4

that his 18 U.S.C. §§ 924(c) and (o) convictions and sentences on Counts 4 and 5 are unconstitutional and must be vacated. [Cv-DE 11 at 1]. Movant additionally argues that, if he is "correct that Hobbs Act conspiracy must be treated as the operative §§ 924(o) and 924(c) predicate, then he would be actually innocent of those convictions, overcoming any default." *Id.* at 2. According to Movant, he can "also satisfy the cause-and-prejudice exception to procedural default." *Id.* at 22.

After the reply was filed, Movant filed supplemental authority [Cv-DE 12], which the parties then briefed. [Cv-DEs 14, 15]. On March 2, 2021, the Court stayed this case until the Eleventh Circuit issued decisions in relevant cases. [Cv-DE 19]. Thereafter, on June 24, 2021, the Court entered an Order Reopening Case and Referring Case in Full to Magistrate Judge Matthewman. [Cv-DE 20]. The Court explained that the case was being reopened in light of the fact that the Eleventh Circuit had issued decisions in *U.S. v. Cannon*, 987 F.3d 924 (11th Cir. 2021), *Granda v. U.S.*, 990 F.3d 1272 (11th Cir. 2021), and *Foster v. U.S.*, 996 F.3d 1100 (11th Cir. 2021). The parties never requested leave to file any further briefing in light of the new Eleventh Circuit case law.

## II.  DISCUSSION

Section 2255 authorizes a prisoner to move a court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or…the court was without jurisdiction to impose such sentence, or…the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. U.S.*, 368 U.S. 424, 42627 (1962). A court reviewing a § 2255 petition reviews the merits of the petition de novo. *Hemny v. U.S.*, CASE NO. 16-80727-CIV-MARRA, 2016 WL

4973794, *3 (S.D. Fla. Sept. 16, 2016).

"In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause in 18 U.S.C § 924(c)(3)(B) is unconstitutionally vague." *Munoz v. U.S.*, No. 19-25239-CIV, 2021 WL 1135074, at *2 (S.D. Fla. Mar. 25, 2021). Section 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence." § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(A)–(B). Subsection (A) is called the "elements clause," and subsection (B) is the now-invalid "residual clause." *Davis* does not, however, affect offenses that qualify as "crimes of violence" under the elements clause. *E.g.*, *Steiner v. U.S.*, 940 F.3d 1282, 1285 (11th Cir. 2019).

### A. Timeliness

As an initial matter, Movant claims that his § 2255 Motion is timely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. U.S.*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)).

Here, Movant was sentenced on August 23, 1996, and this Motion was filed over 13 years after that date, on April 27, 2020. However, Movant argues that his Motion is timely under § 2255(f)(3) because it was filed within one year of the *Davis* decision and *Davis* applies to his case.

Movant is correct that he filed his Motion within one year of the *Davis* decision, which was entered on June 14, 2019. Therefore, if *Davis* applied to Movant's case, the Motion would be considered timely. *See Figuereo-Sanchez*, 678 F.3d 1203, 1207 (11th Cir. 2012). Moreover, the Government did not address timeliness in its response to the Motion. Accordingly, the Court finds that Movant's Motion is timely.

### B. Procedural Default

The Government argues that Movant's Motion is procedurally barred. "Generally, a movant must file a direct appeal, or else be barred from presenting such claims in a § 2255 proceeding." *Richmond v. U.S.*, Case No.: 16-61518-CIV-Moreno, 2016 WL 6462074, *1 (S.D. Fla. Oct. 31, 2016). Movant can overcome the procedural default doctrine by either (1) showing cause for the default and prejudice, or (2) establishing a fundamental miscarriage of justice based on actual innocence. *Hill v. U.S.*, 569 Fed.Appx. 646 (11th Cir. 2014).

The Government asserts that Movant's claims are procedurally barred because, "[i]n this case, [M]ovant never challenged the crime-of-violence nature of his § 924(c) and (o) convictions until he first sought leave (unsuccessfully) in 2016 from the Eleventh Circuit to file a second or successive § 2255 motion see (CR-DE 564: 2), more than a decade after his conviction became

7

final in 2001." [Cv-DE 10 at 12-13]. The Government further argues that Movant has provided "no cause to excuse his default", cannot establish actual prejudice, and cannot establish actual innocence. *Id.* at 13-21. Movant argues in opposition as to procedural default that he has shown cause and prejudice, as well as actual innocence, sufficient to overcome any procedural default. [Cv-DE 11 at 2, 22].

In *Granda*, 990 F.3d 1272, an Eleventh Circuit case very recently decided on direct appeal, Appellant Granda was charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1); attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 2); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 4); attempted carjacking, in violation of 18 U.S.C. § 2119 (Count 5); conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, a crime of violence and drug-trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 6); and possession of a firearm in furtherance of a crime of violence or drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7). *Id.* at 1281. Appellant Granda challenged his conviction solely as to Count 6, the violation of 18 U.S.C. § 924(o). *Id.* at 1284. For that count, he received a sentence concurrent to the sentences imposed on two other counts. *Id.* at 1282. Granda argued, similar to the arguments the Movant makes here, that his conviction on the § 924(o) count might have been premised on a conspiracy to commit Hobbs Act robbery count, an invalid predicate. *Id.* The Government argued that this claim could not be raised based on procedural default. *Id.*

The Eleventh Circuit first addressed the issue of cause for Granda's failure to raise the

issue at trial, acknowledging that *Davis* was not decided until Granda's case was on appeal. *Granda*, 990 F.3d at 1285-86. The court held that Granda could not show cause because, at the time of trial, he had not been deprived of the tools to challenge the § 924(c) residual clause. *Id.* Although few courts had addressed such a challenge, "as a general matter, due process vagueness challenges to criminal statutes were commonplace." *Id.* Thus, the "tools existed to challenge myriad other portions of § 924(c) as vague; they existed to support a similar challenge to the residual clause." *Id.* at 1288.

The court also held that Granda could not demonstrate actual prejudice: "[s]o it is not enough for Granda to show that the jury may have relied on the Count 3 Hobbs Act conspiracy conviction as the predicate for his Count 6 § 924(o) conviction; Granda must show at least a 'substantial likelihood' that the jury *actually relied* on the Count 3 conviction for the predicate offense." *Granda*, 990 F.3d at 1288 (citation omitted) (emphasis in original). Thus, Granda was required to establish a substantial likelihood that the jury relied only on the Count 3 conviction, since reliance on Counts 1, 2, 4 or 5 "would have provided a wholly independent, sufficient, and legally valid basis to convict on Count 6." *Id.*

The court concluded that Granda could not meet this burden, noting that Granda had served as a lookout in a conspiracy and attempted to rob at gunpoint a truck carrying sixty to eighty kilograms of cocaine. *Granda*, 990 F.3d at 1289. The court explained "[s]o the jury could not have concluded that Granda conspired to possess a firearm in furtherance of his robbery conspiracy without finding at the same time that he conspired to possess the firearm in furtherance of his conspiracy and attempt to obtain and distribute the cocaine, his attempt at carjacking, and the attempt at the robbery itself." *Id.* Therefore, the alternative predicate offenses were "inextricably

9

intertwined." *Id.* at 1291.

The court noted that, in the absence of cause and prejudice, procedural default can be excused only by a showing of "actual innocence," meaning factual rather than legal innocence. *Granda,* 990 F.3d at 1291-92. This would require a showing that "no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses." *Id.* at 1292. Granda did not attempt to meet the requisite showing, but rather relied on his argument claim that the § 924(o) conviction was based on the invalid predicate of conspiring to commit Hobbs Act robbery. *Id.* The court explained that the predicates were inextricably intertwined; thus, the jury instruction which permitted the jury to convict Granda of violating §924(o) based on any of Counts 1, 2, 3, 4 or 5, was harmless error. *Id.* at 1293. The court ultimately determined that Granda's claim of error based on *Davis* was procedurally barred. *Id.* at 1296.

Here, in Movant Rosello's case, the Government has provided a detailed summary of the facts underlying the robbery of eight armored car messengers between 1992 and 1994 by Movant and his co-defendants in the underlying criminal case. [Cv-DE 10 at 3-6]. The Government has also provided detailed facts regarding the arrest of Movant and his co-defendants, the post-*Miranda* confessions of co-defendant Veliz and Movant's wife, and the extensive evidence and testimony against Movant at trial. *Id.* at 6-11. As the Government points out in its response to the Motion, Movant was charged with, and found guilty of, a substantive Hobbs Act robbery count. Thus, "there was no possibility here that the jury's § 924(c) and (o) verdict rested solely on the Hobbs Act conspiracy, because the substantive Hobbs Act robbery was inextricably intertwined with, and were in furtherance of, the Hobbs Act conspiracy, and the jury found in its verdict that

10

the substantive Hobbs Act robberies were proven beyond a reasonable doubt." *Id.* at 20 (citing Cr-DE 321).

Upon careful review of all of the filings in this case and based on *Granda*, the Court finds that Movant has failed to show cause or actual prejudice to excuse his procedural default. Given the facts of this case, Movant also cannot show actual innocence. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). This is because the valid and invalid predicate offenses for the §§ 924(o) and (c) convictions are inextricably intertwined. *See Echevarria v. U.S.*, No. 19-CV-23482, 2021 WL 4145205, at *3–4 (S.D. Fla. Sept. 13, 2021); *Gamino v. U.S.*, No. 05-20235-CR, 2021 WL 3501675, at *6–9 (S.D. Fla. July 16, 2021), *report and recommendation adopted,* No. 05-20235-CR, 2021 WL 3493523 (S.D. Fla. Aug. 9, 2021). Movant's reliance on *Stromberg v. California*, 283 U.S. 359 (1931), and its progeny is no longer persuasive given the current state of the law.

### C. Harmless Error Analysis

Even if Movant's *Davis* claim was not procedurally defaulted, he would not be entitled to § 2255 relief. "On collateral review, the harmless error standard mandates that relief is proper only if the court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Granda*, 990 F.3d at 1292 (cleaned up). Under this standard, "the court may order relief only if the error 'resulted in actual prejudice.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). This requirement is not a burden of proof. *Id.* at 1292–93 (citations omitted). "Instead, the reviewing court should ask directly whether the error substantially influenced the jury's decision." *Id.* at 1293 (citation and

quotation marks omitted). "[I]f the court cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, the court must conclude that the error was not harmless." *Id.* (citation and quotation marks omitted).

In *Foster,* 996 F.3d 1100, an appeal of the denial of Foster's § 2255 motion, Foster challenged his convictions on Count 4 (conspiracy to use and carry a firearm during and in relation to a crime of violence as alleged in Count 1 and a drug trafficking offense as alleged in Counts 2 and 3) and Count 5 (using and carrying a firearm during and in relation to a crime of violence as alleged in Count 1 and a drug trafficking offense as alleged in Counts 2 and 3). *Foster*, 996 F.3d at 1103-4. Foster argued that Count 1 (conspiracy to commit Hobbs Act robbery) was an invalid predicate under *Davis*. *Id.* at 1105. The court found that Foster could not prevail on the merits because the Hobbs Act conspiracy was inextricably intertwined with the conspiracy and attempt to possess with intent to distribute cocaine counts. *Id.* at 1107. As a result, any error resulting from the inclusion of the Hobbs Act conspiracy as a valid predicate for conviction on the §§ 924(c) and 924(o) counts was harmless. *Id.* at 1109.

The Eleventh Circuit's recent decision in *Cannon*, 987 F.3d 924, was on direct appeal of a case where there was no issue of possible procedural default. The appellants in *Cannon* were charged with conspiracy to commit Hobbs Act robbery (Count 1); conspiracy to possess with intent to distribute cocaine (Count 2); using and carrying a firearm during and in relation to a crime of violence, as set forth in Count 1, and during and in relation to a drug trafficking crime, as set forth in Count 2 (Count 3); and possession of a firearm by a convicted felon (Count 4). *Cannon*, 987 F.3d at 934. The jury convicted them on all counts. *Id.* at 936. On appeal, the appellants argued

that their conviction on Count 3 had to be vacated because the jury was instructed that they could base their conviction on either of two predicates, one of which was invalid. *Id.* at 947. The Eleventh Circuit agreed with appellants that the jury instruction was erroneous but concluded that the error was harmless because "the two predicate conspiracy crimes were so inextricably intertwined that no rational juror could have found that Cannon and Holton carried a firearm in relation to one predicate but not the other." *Id.* at 948.

Here, the "record does not provoke grave doubt about whether [Movant's] § 924(o) [and (c)] conviction[s] rested on an invalid ground." *See id.* In the case at hand, Movant's §§ 924(c) and (o) convictions were explicitly predicated on both conspiracy and substantive Hobbs Act robbery offenses. As laid out by the Government in its response, "the Count 4 § 924(o) and Count 5 § 924(c) convictions were predicated on the substantive and conspiracy Hobbs Act offenses charged in Counts 2 and 3 (CR-DE 149)." [Cv-DE 10 at 34]. Because Movant's convictions were predicated alternatively on a substantive Hobbs Act robbery offense, they are completely unaffected by *Davis*. Thus, even though the Court instructed the jury that it could find Movant guilty of the §§ 924(c) and (o) counts if the jury simply found that Movant aided and abetted his co-defendants in the crimes charged [Cr-DE 330 at 31], Movant is not entitled to § 2255 relief. *See Granda*, 990 F.3d at 1293; *Foster,* 996 F.3d 1109; *Cannon*, 987 F.3d at 948; *see also Rodriguez v. U.S.*, No. 03-20759-CR, 2021 WL 1421698, at *3 (S.D. Fla. Apr. 15, 2021), *certificate of appealability denied,* No. 21-12001-D, 2021 WL 4188126 (11th Cir. Sept. 3, 2021).

### D. No Evidentiary Hearing is Required

Section 2255 provides that a hearing shall be granted "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "No evidentiary hearing is required where a petitioner's claim is 'affirmatively contradicted by the record,' is capable of resolution based on the existing record, or is 'patently frivolous.'" *Vallas v. U.S.*, Civil Action No. 09-00754-CG, 2012 WL 2681398 (S.D. Ala. June 7, 2012) (quoting *Aron v. U.S.*, 291 F. 3d 708, 715 (11th Cir. 2002)). Since the record in this case does conclusively establish that Movant is not entitled to relief, no evidentiary hearing is required.

### III. CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

There is a Circuit Court split regarding procedural default and residual clause challenges, and not all Circuits have come to the same conclusion at the Eleventh Circuit in *Granda*. *See, e.g., U.S. v. Doe*, 810 F.3d 132, 153 (3d Cir. 2015); *Cross v. U.S.*, 892 F.3d 288, 295–96 (7th Cir. 2018); *English v. U.S.*, 42 F.3d 473, 479 (9th Cir. 1994); *U.S. v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017). Here, in view of the entire record, the Court should grant a certificate of appealability.

### IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Movant, Antonio Rosello's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Cv-DE 6] be **DENIED**. It is further

RECOMMENDED that the Court GRANT a certificate of appealability.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Federico A. Moreno. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October 2021.

_____
WILLIAM MATTHEWMAN